UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    *Plaintiff,*

v.                                CASE NUMBER: 4:25-cr-20082

DEVEONTAY R.E. HARDEN,

    *Defendant.*

_____/

## MEMORANDUM AND ORDER (ECF No. 24)

This case is before the Court on Defendant Deveontay R.E. Harden's Motion for Bond (ECF No. 24). Following a detention hearing, the undersigned detained Harden after finding no conditions or combination of conditions would reasonably assure the safety of the community. (ECF No 19). A factor of great concern to the Court was the lack of suitable housing for Harden. Harden now seeks to re-open his detention hearing based on the availability of a third-party custodian and a suitable residence. The Government asks the Court to deny Harden's motion, asserting the proposed residence and third-party custodian would not reasonably assure the safety of the community.

On March 20, 2025, the Court commenced the hearing to consider whether to reopen the detention hearing and, if reopened, to consider the merits of Harden's request that he be released subject to conditions.

At the March 20 hearing, Harden proffered that two instances of new evidence warranted reopening the detention hearing: (1) that Harden's biological mother, Ms. Coleman, was a suitable third-party custodian; and (2) her home would present a suitable living arrangement.  The Court again heard from Pre-Trial services and they expressed it was their recommendation that Harden remain detained and that they did not find Coleman a suitable third-party custodian.  Nor did they find Coleman's residence suitable.

The Government argued Coleman was not a suitable third-party as she had recently pleaded guilty to a misdemeanor concerning conspiracy to recklessly use a firearm in the Genesee County Circuit Court.  The Government presented further evidence that following Coleman's arrest, a bench warrant was issued due to her failure to appear at a hearing on June 14, 2022.  Coleman did not appear pursuant to that warrant until November 4, 2024.

While the Court does not doubt the sincerity of Coleman to assist her son by serving as his third-party custodian, the evidence presented casts doubt on her ability to comply with her responsibilities.  The evidence related to the circumstances of her arrest, her subsequent guilty plea, and her own failure to appear casts doubt on the appropriateness of placing Harden into her third-party custody.  Based on the foregoing the Court finds the evidence presented does not warrant reopening the detention hearing.

None of Harden's new information was unknown or not capable of being known at the time of the detention hearing, and most important is not material as Coleman is not a suitable third-party custodian and her home has not been considered an approved residence by Pre-Trial Services. Having found the information presented to the Court is not a basis to reopen the detention hearing, the Court declines Harden's invitation to reconsider the factors found at 18 U.S.C. § 3142(g).

In conclusion, Harden's purported new information does not warrant the reopening of the detention hearing. Accordingly, the Court **ORDERS** as follows:

(1) Harden's Motion for Bond is **DENIED**; and

(2) Harden **SHALL** remain detained pending resolution of this criminal case or until further order of the Court.

**IT IS SO ORDERED**.

Date: March 20, 2025

S/Curtis Ivy, Jr.
Curtis Ivy, Jr.
United States Magistrate Judge

## CERTIFICATION

I hereby certify that this Order was electronically filed this date using the Court's CM/ECF system which delivers a copy to all counsel of record and served by other electronic means on the U.S. Marshal Service.

Date: March 20, 2025

By s/ Sara Krause
Case Manager